No. 24,119.

MARY W. KLOPF, *Appellant,* v. FLOY L. KLOPF et al., *Appellees.*

SYLLABUS BY THE COURT.

1. DEED—*Blank as to Grantee—Sufficient to Pass Title by Quitclaim Deed.* The holder of a deed, blank as to grantee, delivered under a contract for the conveyance of the real property for which conveyance a valuable consideration has been paid, has such a title as will pass by his quitclaim deed.
2. SAME—*Evidence.* There was sufficient evidence to show the execution of a deed from Mary Klopf to Will Klopf.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed January 6, 1923. Affirmed.

*Alfred M. Jackson,* of Winfield, for the appellant.

*L. C. Brown,* of Arkansas City, and *J. A. McDermott,* of Topeka, for the appellees.

Klopf v. Klopf.

The opinion of the court was delivered by

MARSHALL, J.: This action concerns certain real property in Arkansas City in Cowley county. The petition alleged that the plaintiff owned an undivided three-fourths interest in the property and contained the usual allegations for an action in ejectment, for rents and profits, and for partition, and further alleged that the defendant Floy L. Klopf owned an undivided one-fourth interest in the property. The answer of Floy L. Klopf alleged that she owned all of it. Judgment was rendered in favor of Floy L. Klopf, and the plaintiff appeals.

There was a general verdict in favor of the defendant, and special questions were answered by the jury as follows:

"1. Did Mrs. Mary Klopf make a deed and deliver it to Will Klopf for the property in question? Answer: Yes.

"2. Did Paul Klopf make deed for ¼th interest in this property and deliver it to Will Klopf? Answer: Yes.

"3. Was there any name given in the deed as grantee? Answer: No.

"4. Was this deed delivered by Will Klopf to Paul Klopf through his mother, Mary Klopf, which Paul had heretofore given Will Klopf? Answer: Yes.

"5. At the time of the delivery of said deed to Paul Klopf, through his mother, was the name of the grantee in blank? Answer: Yes.

"6. Did Mary Klopf repay all money to Will Klopf which she had received from him? Answer: In part.

"7. Did Mary Klopf pay Will Klopf all money which Will Klopf paid Paul Klopf? Answer: No."

In 1907, William F. Klopf died intestate seized of the property. He left surviving him as his heirs the plaintiff, his widow, and Will Klopf and Paul Klopf, his children. Will Klopf married the defendant Floy L. Klopf. They separated, and Will Klopf by warranty deed conveyed to Floy L. Klopf an undivided one-fourth interest in the property and executed to her a quitclaim deed for all the property.

1. The first question argued by the plaintiff is—

"Did Will Klopf have any interest in and to the undivided one-fourth interest as a result of the execution of the deed in blank by Paul Klopf which would pass by the quitclaim deed and was executed according to his property settlement with Floy L. Klopf?"

Other than the facts found by the jury, the evidence tended to show that there was a contract between Will Klopf and Paul Klopf for the conveyance of the real property by the latter to the former

and that there was a consideration for the deed from Paul Klopf to Will Klopf. The amount of that consideration does not appear. The plaintiff testified that she reimbursed Will Klopf for all the money he had advanced to Paul Klopf. The jury found contrary to that evidence. The quitclaim deed from Will Klopf to Floy L. Klopf was made while Will Klopf held the blank deed from Paul Klopf. The blank deed was never completed but was returned to Paul Klopf after the deed from Will Klopf to his wife had been executed and delivered. Under the contract and the deed that was made, Paul Klopf could have been compelled to execute a valid deed conveying his interest in the property to Will Klopf. The latter had an interest in the property that could be conveyed by a quitclaim deed, and that interest was so conveyed by him to Floy L. Klopf at the time of the separation agreement.

2. The second question argued is—

"Did the evidence show facts sufficient to establish the execution of a deed or conveyance from Mary Klopf to Will Klopf by which any interest would be conveyed which would pass by the quitclaim deed executed by Will Klopf?"

The evidence showed that there was correspondence between the plaintiff and her son Will Klopf concerning the sale of her interest in the property to the latter. Floy L. Klopf testified that the plaintiff had told her before the separation of Will and Floy L. Klopf that the plaintiff had conveyed her interest in the property to Will Klopf. No deed from the plaintiff to Will Klopf was introduced in evidence, but the evidence was sufficient to justify the jury in finding that the plaintiff had executed a deed to Will Klopf for the property in question. This compels an affirmance of the judgment.

It is so ordered.

OPINION ON REHEARING.

(Filed June 9, 1923.)

The opinion of the court was delivered by

MARSHALL, J.: The opinion in this case was filed on January 6, 1923, but it has not been published because a rehearing was granted on February 17, 1923. The case has been reargued by counsel, and the record has been reëxamined by the court. After reconsideration, the court adheres to the opinion that has been filed.

HARVEY, J., dissenting.